Tarrant *v.* State.

4L 483
12L 407

JOHN D. ..ARRANT *v.* THE STATE.

CRIMINAL LAW. *Carrying pistol. Fine and imprisonment.* Imprisonment for unlawfully carrying pistols is within the discretion of the Court trying the case, and this Court will not interfere to remit imprisonment imposed in such cases, except where a gross abuse of this discretion is shown.

Under Code, sec. 5251, Courts rendering final judgment have no power to remit fines where the amount of the fine is fixed by statute, as in the case of unlawful carrying arms.

FROM LAUDERDALE.

Appeal in error from the Circuit Court of Lauderdale County. T. J. FLIPPIN J.

STEELE & STEELE for Tarrant.

Attorney-General LEA for The State.

McFARLAND, J., delivered the opinion of the Court.

The plaintiff in error was convicted under the Act of 1879, chap. 186, of carrying a pistol; was adjudged to pay a fine of $50 and the costs, and to be imprisoned ten days in the county jail, and also required to enter into recognizance to keep the peace. He complied with the latter requirement, and thereupon moved the Court to remit the

fine and imprisonment, which, being refused, he has appealed in error.

It is not insisted that there is any error in the judgment of conviction; but it is argued that the guilt is only technical; that the pistol was carried at the time in self-defense, and that the Judge below improperly exercised his discretion in making imprisonment part of the punishment, and also in refusing to remit the fine.

The Act under which this punishment was made, in terms provides, that, upon conviction, the offender "Shall be fined $50 and imprisoned in the county jail of the county where the offense was committed, the imprisonment only in the discretion of the Court."

We may concede it was in the discretion of the Judge below to remit the imprisonment, as it was within his discretion to make imprisonment part of the punishment or not as he might deem proper.

It is doubtful whether an appeal to this Court can be sustained alone for the purpose of revising his discretion in this respect. We have in one or two instances exercised the power of releasing the imprisonment, but with great doubt as to propriety of doing so.

But, conceding that the power exists, its exercise in cases of this character would be unwise and injudicious.

The Legislature, by the recent Act referred to, has increased the punishment for these offenses,

thereby manifesting a decided purpose to suppress the crime.

We have no inclination to defeat the legislative intent in this respect—it is certainly not our duty to *do so. Matters of this character are properly left to the sound discretion of the Judges below, who are in a better condition to act properly in this respect than we can be, and we cannot condemn them for exercising their discretion in a manner calculated to suppress the offenses. To interfere with the exercise of their sound discretion in this respect, would tend to embarrass the administration of the criminal law, and defeat the objects had in view by the Legislature. However, we do not say what we would do if a case of very great abuse of discretion by the Judge below was before us. It does appear that the plaintiff in error in this case was apparently acting in self-defense, and that his character was good, but we decline to interfere. The matter may still be under the control of the Court below, where the cause is remanded for the execution of the judgment, and the application may then be renewed.

As to the application to remit the fine, we have held that the Court below had not the power in a case of this character. It is true that sec. 5251 of the Code gives the courts rendering final judgments the power, for *good* cause, to release fines and forfeitures due the State; but, in these cases, where the amount of the fine is fixed by the statute, it would be a clear evasion of the law

for the Court, after adjudging the fine fixed by law, to at once, without any other cause shown than the merits of the case, remit it. This would be an attempt to observe the form of the law, and at the same time wholly avoid its spirit and force.

Affirm the judgment.